REUBEN J. LOCKITCH, M.D., APPELLANT, v. HAROLD L. BOYER, M.D., RICHARD H. LAUB, M.D., and CHESTER C. LOCKWOOD, M.D., RESPONDENTS.

No. 3970

February 11, 1958.                          321 P.2d 254

*George E. Marshall*, of Las Vegas, for Appellant.

*Goldwater and Singleton*, of Las Vegas, for Respondents Boyer and Lockwood.

*Jones, Wiener and Jones*, of Las Vegas, for Respondent Laub.

# OPINION

By the Court, BADT, C. J.:

This is an appeal from a summary judgment entered in favor of respondents, defendants below, and against appellant, plaintiff below. The summary judgment was proper and must be affirmed.

Plaintiff's action was for damages for libelous defamation of character and, in the words of appellant, "grew out of an unauthorized suspension of plaintiff as a member of the medical staff of Southern Nevada Memorial Hospital, the damage claimed [being] for participation in the publication of what plaintiff claims to be libelous and defamatory, [although] the act of suspension * * * was committed actually by the board of trustees" of the hospital.

The publication appearing in the Las Vegas Review Journal of August 5, 1954, was as follows: "A special meeting of the board of hospital trustees was held last night at which several members of the executive committee of the medical staff were present.

"Following a review of the activities of Dr. Reuben Lockitch the board voted to suspend Dr. Lockitch from staff membership." On the same date publication was made in the Las Vegas Sun of only the second sentence of the quoted publication.

Plaintiff alleged in his second amended complaint that such statements were published at the direction and connivance of all the defendants, were meant to be understood as charging that plaintiff was incompetent as a surgeon and practitioner of medicine; that all

of the defendants directed such statements to be published, knew that they were published maliciously, were unfounded and were intended to damage plaintiff in the practice of his profession and to convey the information that he was an unfit person to be a member of the staff of the hospital and were intended to degrade and defame him.

Although respondents question the libelous nature of the publication and assert that in any event it was privileged, their main support of the summary judgment rests upon the proofs made at the hearing of the motion for such judgment. They correctly conclude that these proofs are to the effect that the defendants neither published nor caused to be published the items above described. Such proofs may be briefly noted.

Plaintiff attached as an exhibit to his complaint the minutes of the board of trustees of its special meeting of August 3, 1954, from which the following appears: "Mr. Stewart: 'I make a motion that Dr. Lockitch be suspended for an indefinite period of time from the medical staff, due to the investigation made by the hospital board of trustees * * * and this be given to the press on the approval of the district attorney.' The motion was seconded by Mr. Baker and unanimously carried. Mr. Brayshaw was therefore authorized to consult with Roger Foley, district attorney, or Mr. Dickerson if Mr. Foley was on vacation."

In support of the motion to dismiss were the affidavits of Dr. Boyer, Dr. Laub and Dr. Lockwood to the effect that none of them published or caused to be published directly or indirectly or in concert or cooperation with any other person the statements in question. The affidavit of Norman M. Brayshaw, the administrator of the hospital, refers first to the unanimously adopted resolution introduced by Mr. Stewart and seconded by Mr. Baker for the suspension of Dr. Lockitch from the medical staff, and for the release to the press of the action taken upon securing the approval of the district attorney. He then testifies that he released the statement

to the press after conferring with the district attorney's office, and that any act of suspension was that of the board of trustees.

In opposition to the motion for summary judgment and in answer to the affidavits filed in support thereof, appellant filed his own affidavit comprising some 1,000 words. It contains nothing controverting the sworn statements of Drs. Boyer, Laub and Lockwood that none of them, individually or in concert or cooperation with any one, directed the publications in question, and alleging that any press release of the action taken by the board of trustees was at the direction of the board and was in no part the action of the defendants.

Further, in opposition to the motion, plaintiff filed an affidavit executed by Mr. Stewart describing occurrences at the said meeting of the board of trustees and the action taken instructing Mr. Brayshaw to consult the district attorney with reference to publication of the notice of suspension. There can be found in Mr. Stewart's affidavit nothing controverting the denials of Drs. Boyer, Laub and Lockwood that they participated in the publication. Plaintiff also filed in opposition to the motion the affidavit of Mr. Jesse Whipple similar in purport and effect to Mr. Stewart's affidavit and similar in its absence of any statement controverting the denials of the respondents.

To say that this situation left open any area for the trial of a genuine issue as to any material fact before a judge or jury would deprive Rule 56 NRCP entitled "Summary Judgment" of most of its effectiveness. No other conclusion can be reached but that none of the appellants participated to any extent in the publications.

It is true that the minutes of the trustees' meeting of August 3, 1954 show the presence of Drs. Boyer, Laub and Lockwood and that the doctors present and the board discussed one of Dr. Lockitch's cases, and it is appellant's contention that at such meeting the respondents maliciously, willfully and knowingly made untrue representations concerning Dr. Lockitch to the members

of the board and urged the board to suspend appellant from the staff, and give the information of such suspension to the newspapers. The gravamen of this action, however, is the alleged libelous publication and not any alleged slander of Lockitch to the board of trustees and others present at the meeting by respondents.

It should perhaps be noted that in addition to the proofs mentioned, were copies of the bylaws of the hospital prescribing the manner in which charges of unprofessional or other objectionable conduct should be filed, the accused doctor notified and an opportunity given him to appear with his witnesses. Appellant's affidavits are to the effect that no such charges were made in the manner provided and that no such notice and opportunity to be heard were given. This may have to do with the legality of the action taken by the board of trustees but is not pertinent to the asserted libelous and defamatory publication on which the present action is based.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.